Case 3:21-cv-00004 Document 1-1 Filed on 01/12/21 in TXSD Page 1 of 6

Filed
12/8/2020 3:49 PM
Patti L. Henry   District Clerk
Chambers County, Texas
By: _____ Deputy

CAUSE NO. 20DCV0839

| | | |
|---|---|---|
| **TIMOTHY DEMBY** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | 253rd JUDICIAL DISTRICT |
| | § | |
| | § | |
| **JOSHUA JOSEPH JEANPIERRE** | § | |
| **AND QUALITY CARRIERS, INC.** | § | |
| *Defendants* | § | CHAMBERS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, TIMOTHY DEMBY, hereinafter called Plaintiff, complaining of and about JOSHUA JOSEPH JEANPIERRE and QUALITY CARRIERS, INC., hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2.  Plaintiff, TIMOTHY DEMBY, is an individual who resides in Harris County and may be contacted through Plaintiffs Counsel.

3.  Defendant, JOSHUA JOSEPH JEANPIERRE, is an Individual who is a resident of Louisiana. He may be served with process at his home at the following address: 9624 Lewis St., Baton Rouge, LA 70807, or wherever he may be found. Service of said Defendant can be effected by personal delivery.

4.  Defendant, QUALITY CARRIERS, INC., is a Texas corporation and may be served with process with their registered agent, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company at its registered office 211 E. 7th Street, Suite 620,

**EXHIBIT A**

Austin, Texas 78701, or wherever the registered agent may be found.

### III.  JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because at least one Defendant is a Texas resident.

7. Venue in Chambers County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. RESPONDEAT SUPERIOR/JOINT ENTERPRISE/VICARIOUS LIABILITY FMCSA LIABILITY AND COURSE & SCOPE OF EMPLOYMENT

8. **QUALITY CARRIERS, INC.** is legally responsible to the Plaintiff for the negligent conduct of **JOSHUA JOSEPH JEANPIERRE** under the legal doctrines of respondeat superior, agency, and/or ostensible agency, because Defendant, **JOSHUA JOSEPH JEANPIERRE** was, at all times material to this lawsuit, an agent, ostensible agent, servant, employee of, or in joint enterprise with **QUALITY CARRIERS, INC.** and was acting within the course and scope of such agency or employment at the time of the collision made the basis of this lawsuit. As a result, Defendant, **QUALITY CARRIERS, INC.,** is liable for all of the negligent acts committed by Defendant, **JOSHUA JOSEPH JEANPIERRE.**

9. At the time of the occurrence in question, Defendant **JOSHUA JOSEPH JEANPIERRE** was the statutory employee of Defendant **QUALITY CARRIERS, INC.** pursuant to Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.5. The Texas Court of Appeals, Fort Worth, in *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 37-38 (Tex. App.—Ft. Worth 2003, no pet.), noted that with respect to a business affecting interstate commerce, a

"motor carrier's liability for equipment and drivers…is not governed by the traditional common-law doctrines of the master-servant relationship and respondeat superior. Instead, an interstate carrier is vicariously liable ***as a matter of law***…for the negligence of its statutory employee drivers." (Emphasis added).

## V.  FACTS

10. On or about March 18, 2020, Plaintiff was traveling in Chambers County, Texas when Defendants caused a collision with the Plaintiff. As a result of the collision, Plaintiff suffered serious bodily injuries. The 2019 Black Freightliner Cascadia 125 operated by JOSHUA JOSEPH JEANPIERRE belonged to Defendant QUALITY CARRIERS, INC.

## VI.  PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST JOSHUA JOSEPH JEANPIERRE

11. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

13. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to yield as a person of prudent care would have done;

   C. In that Defendant failed to turn his/her motor vehicle in an effort to avoid the collision complained of;

  D. In that Defendant failed to operate a motor vehicle as a person using ordinary prudent care would have done;

  E. In that Defendant failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his/her motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

  F. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

  G. In that Defendant was operating his/her motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

  H. In that Defendant failed to apply his/her brakes to his/her motor vehicle in a timely and prudent manner and/or wholly failed to apply his/her brakes in order to avoid the collision in question.

## VII. DAMAGES FOR PLAINTIFF TIMOTHY DEMBY

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, TIMOTHY DEMBY, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $100,000.00 but not more than $1,000,000.00:

  A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, TIMOTHY DEMBY, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

  B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Physical pain and suffering in the future;

  E. Loss of earnings in the past;

  F. Loss of earning capacity which will, in all probability, be incurred in the

  future;

 G. Mental anguish in the past;

 H. Mental anguish in the future;

 I. Physical Impairment in the past; and

 J. Physical Impairment in the future.

## VIII.  DEMAND FOR TRIAL BY JURY

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.  REQUEST FOR DISCLOSURE

16. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## X.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, TIMOTHY DEMBY, respectfully pray that the Defendants, JOSHUA JOSEPH JEANPIERRE and QUALITY CARRIERS, INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

KGS LAW GROUP

By: /s/ <u>Abraham Garcia</u>

Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Brandon A. Kinard
State Bar No. 24079744
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
Email: kgs@kgslawgroup.com
ATTORNEYS FOR PLAINTIFF

**TO DEFENDANT:**
**YOU MUST DELIVER THIS IMMEDIATELY TO YOUR INSURANCE COMPANY WHO WAS INSURING THE VEHICLE YOU WERE DRIVING AT THE TIME OF THE ABOVE ACCIDENT.**